UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIAM WEST-CAMPEAU, suing individually and on behalf of a class of similarly-situated persons, | Case No. |
| Plaintiff, | Hon.<br>United Stated District Judge |
| v. | Hon.<br>United States Magistrate Judge |
| ROBERT DUNLAP, sued in his individual capacity based on actions taken under color of law, and JOHN AND JANE DOES 1-5, sued in their individual capacity based on actions taken under color of law, RAPHAEL WASHINGTON, in his official capacity as Wayne County Sheriff, and WAYNE COUNTY, MICHIGAN, | |
| Defendants. | |

PITT, MCGEHEE, PALMER,
BONANNI & RIVERS, P.C.
Megan A. Bonanni (P52709)
Kevin M. Carlson (P67704)
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
mbonanni@pittlawpc.com
kcarlson@pittlawpc.com

Dean Elliott (P60608)
Dean Elliott, PLC
201 E. 4th Street
Royal Oak, MI 48067
(248) 251-0001
dean@deanelliottplc.com
Counsel for Plaintiffs

1

## CLASS ACTION COMPLAINT FOR DAMAGES
## BASED ON EXCESSIVE CUSTODY

Plaintiff Liam West-Campeau, individually and on behalf of a class of similarly situated persons, therefore brings this class action complaint for damages against Defendants for the following reasons:

### INTRODUCTION

Wayne County opened its new Criminal Justice Center in Detroit on September 3, 2024. In the weeks since the new CJC opened, the facility has been plagued by operational and administrative chaos, resulting in multiple inmate deaths, protests, staffing shortages, dayslong lockdowns, crowded cells, deputies quitting in frustration, offline computer systems, fights, and flooding. Unfortunately, while these issues have brought unwanted attention to problems at the new CJC, there is another long-standing custom and practice that has plagued the operation and administration of Wayne County's jail for years at both the "old" and "new" county jails, specifically, the failure to release inmates from custody after the reason for their incarceration has ended.

Plaintiff Liam West-Campeau, like hundreds of inmates detained in the Wayne County Criminal Justice Center, was held in Defendants' custody for several days after a court ordered him to be released from custody. Plaintiff brings this action on behalf of himself and a class of similarly situated persons who were over-detained

by Defendants in violation of their due process rights under the Fourteenth Amendment.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Liam West-Campeau is a 22-year-old man who resides in Roseville, Michigan.

2. Defendant Robert Dunlap, sued here in his individual capacity, only, is the Chief of Jails of Wayne County and is responsible for the detention of persons in the Wayne County Criminal Justice Center ("CJC") and for complying with Court orders regarding the detention and release from detention of persons detained in the CJC, including Plaintiff and the class of similarly situated persons he seeks to represent.

3. Defendants John and Jane Does 1-5, sued here in their individual capacities, only, are employees of Wayne County who are responsible for the detention of persons in the CJC and for complying with Court orders regarding the detention and release from detention of persons detained in the Wayne County Jail, including Plaintiff and the class of similarly situated persons he seeks to represent.

4. Defendant Raphael Washington, sued here in his official capacity only, is the Wayne County Sheriff, and is responsible for all acts of the Wayne County Sheriff's Office, including the operation and administration of the CJC, as well as the custody and release from custody of CJC inmates.

5. Defendant Wayne County, Michigan, is a charter county and political subdivision of the State of Michigan and is responsible for all acts of the Wayne County Sheriff's Office, including the operation and administration of the CJC as well as the custody and release from custody of CJC inmates.

6. Upon information and belief, all Defendants reside in the Eastern District of Michigan.

7. This is a civil action brought pursuant to 42 U.S.C. § 1983, seeking monetary damages against Defendants for violations of Plaintiff's right and the class members' right to be free from deprivations of liberty, through over-detention and excessive custody, in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions, and 28 U.S.C. § 1343(a)(3) and (4), which authorizes federal courts to hear civil rights cases.

9. This Court has personal jurisdiction over the Defendants named as they are officers and employees of Wayne County, Michigan sued in their individual capacities for violations of Plaintiff's clearly established statutory and constitutional rights.

10. Venue is proper in this Court as the events giving rise to the action occurred in the Eastern District of Michigan, Defendants conduct their business in

the Eastern District of Michigan, Plaintiff resides in the Eastern District of Michigan, and the events giving rise to this action occurred in the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

11. On Saturday, October 5, 2024, Plaintiff Liam West-Campeau was arrested on a probation violation.

12. On Sunday, October 6, 2024, Plaintiff was transported to the CJC in Detroit, Michigan where he was detained pending an arraignment, which was set for the morning of Tuesday, October 8, 2024.

13. The CJC is located at 5301 Russell Street in Detroit, and is made up of four interconnected buildings that span more than 1 million square feet. The facility also houses the Third Judicial Circuit - Criminal Division, and the headquarters for the Wayne County Sheriff's Office, Wayne County Prosecutor's Office, and Wayne County Clerk's Office.

14. The CJC houses approximately 2,500 adult and juvenile inmates.

15. On the evening of Sunday, October 6, 2024, Plaintiff was fingerprinted and given a wrist band with his name and date of birth handwritten with a green marker.

16. During Plaintiff's detention in the Wayne County Jail, his name rubbed off the wristband and he wore a blank wristband for the week.

17. The computer systems at CJC are chronically offline, and thus there is no reliable way to locate, track, or identify inmates who are admitted into the facility.

18. On Tuesday, October 8, 2024, a Circuit Court judge in Wayne County Circuit Court ordered Plaintiff released from custody subject to a $2,000 personal bond (own recognizance) and a tether.

19. Defendants received notice of the Court's order of pretrial release and were therefore obligated to release Plaintiff from detention within a reasonable amount of time.

20. Despite the Court's order requiring his release from custody, Defendants held Plaintiff in detention in the CJC and did not release him.

21. Plaintiff did not have access to a phone and could not make calls for several days.

22. On October 12, 2024, Plaintiff and seven other detainees were rounded up and processed. The processing consisted of taking their fingerprints again and placing the fingerprints on a green index card.

23. After processing, Plaintiff was housed in an eight-person "tether" pod but was not released.

24. During his incarceration at the CJC, Plaintiff's mother attempted to locate and contact him, but Defendants were unable to locate or identify Plaintiff because the computer and records systems were offline and there was no record or evidence of his whereabouts inside the jail.

25. To facilitate and expedite Plaintiff's release from custody in accordance with the Court's order, Plaintiff's mother paid a private tethering company to go to CJC and install a tether on Plaintiff's ankle.

26. The private tethering company contacted Defendants to complete this process, but Defendants informed them that private tether companies were not allowed to install tethers at Wayne County jail facilities, and that that even if they were, Defendants could not arrange for Plaintiff to be tethered because there was no record of his location in the jail and they could not locate him.

27. Over the last several years, Defendants have maintained a policy, custom, and practice of detaining inmates for many days, and in many instances for as long as two extra weeks, after the reason for their incarceration has ended, including after a court orders the inmates released from custody on bond.

28. On Monday, October 14, 2024, Defendants released Plaintiff from custody pursuant to the Court's order of release dated October 8, 2024.

29. Plaintiff was thus detained in jail for more nine days – three days from the date of his arrest until his arraignment (10/5 to 10/8), and 6 days from the date of the release order until the date of release from custody (10/8 to 10/14).

30. Plaintiff's bond was not revoked and there was no basis for his over-detention and excessive custody.

31. Ordinarily, processing a detained person for release from the CJC, including making provisions for a tether, should take no more than 2-4 hours.

32. Detaining Plaintiff and similarly situated individuals for six days after a court has ordered them released from detention is unreasonable as a matter of law.

33. As a direct and proximate result of these unconstitutional actions, Plaintiff and all similarly situated persons have suffered physical, emotional, and economic damages including, but not limited to, deprivation of liberty, physical confinement, loss of earnings, anxiety, embarrassment, and mental anguish.

## CLASS ACTION ALLEGATIONS

34. The named Plaintiff brings this action on behalf of himself and all others similarly situated as a class action under Federal Rule of Civil Procedure 23(b)(2).

35. The class that Plaintiff seeks to represent is defined as all persons held at the "old" Wayne County Jail and/or the "new" Wayne County Criminal Justice Center from October 14, 2021 forward, who have been detained in the CJC for five or more days after the reasons for the detention have ended.

36. This action is brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a).

37. The CJC confines over 2,500 adult and juvenile inmates, and hundreds of its former, current, and future inmates have been confined for five or more days after the reason for their detention in the CJC has ended.

38. The class is too numerous for joinder of all members to be practicable.

39. Joinder is impracticable because the class members are numerous; the class is fluid due to the inherently transitory nature of pretrial incarceration; and the class members are incarcerated and impoverished, which limits their ability to institute individual lawsuits. Certifying this class supports judicial economy.

40. Common questions of law and fact exist as to all members of the class, specifically concerning whether Defendants' policies, practices, and procedures violate the constitutional rights of the class members and whether Defendants have held CJC inmates in custody for five or more days after the reason for their detention has ended.

41. Plaintiff's claims are typical of the class members' claims. The injuries that Plaintiff suffered due to Defendants' unconstitutional course of conduct are typical of the injuries suffered by the class. All class members seek the same form of relief.

42. Plaintiff is an adequate representative of the class because their interests in the vindication of the legal claims they raise are entirely aligned with the interests of the other class members, each of whom has the same constitutional claims. There are no known conflicts of interest among members of the proposed class, and the interests of the named Plaintiff do not conflict with those of the other class members.

43. Plaintiff is represented by counsel with experience and success in litigating complex civil rights matters in federal court. The interests of the members

of the class will be fairly and adequately protected by the named Plaintiff and their attorneys.

## COUNT I
## 42 U.S.C. § 1983
### VIOLATION OF THE FOURTEENTH AMENDMENT
### WRONGFUL DEPRIVATION OF LIBERTY THROUGH
### OVER-DETENTION/EXCESSSIVE CUSTODY

44. Under the Fourteenth Amendment to the United States Constitution, all persons have the clearly established fundamental right to be released within a reasonable time after the reason for their detention has ended. See *Baker v. McCollan*, 433 U.S. 137, 144-146 (1979); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001("freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the due process] clause protects"); *Shorts v. Bartholomew*, 255 F. App'x 46, 51 (6th Cir. 2007) (analyzing excessive detention following expiration of sentence).

45. This fundamental right is clearly established and well known to all reasonable police officers and jail administrators, including the defendants in this action, all of whom should know, and do in fact know, that it is unconstitutional to detain any person for an unreasonable period after their lawful detention has ended, including after the Court has ordered their release from custody.

46. Thus, a claim for damages pursuant to 42 U.S.C. § 1983 lies for unreasonable delay between judicial discharge and actual release from custody. See *Lewis v. O'Grady*, 853 F.2d 1366, 1369-70 (7th Cir. 1988).

47. Defendants received actual notice of the Court's release order.

48. Defendants held Plaintiff in jail for 6 days following the Court's release order.

49. Plaintiff's detention for 6 days following the Court's order to release him from custody was unreasonable as a matter of law.

50. The reasons for Defendants' over-detention and excessive custody of Plaintiff were entirely within Defendants' realm of responsibility and cannot be attributed to any factors outside of Defendants' realm of responsibility.

51. Plaintiff and all similarly situated persons had a clearly established Constitutional liberty interest in not being detained for six days after the reason for their confinement had ended, as determined by the Wayne County Circuit Court.

52. Defendants maintain a policy, practice, and custom of operating and administering the Wayne County Jail, including the "old" jail and the new CJC, without working computers or electronic record systems, and without fully functioning telephone and communication systems. This policy, practice, and custom includes identifying, recording, and "tracking" CJC inmates by wristbands with their names handwritten on them, by using pen or pencil and paper or note cards to record and track inmates in the CJC, so that inmates cannot be located in a timely fashion to execute their release from custody.

53. Defendants maintain a policy, practice, and custom of operating and administering the Wayne County Jail, including the "old" jail and the new CJC, with

a policy that prohibits private tethering companies to access the jail to facilitate and expedite the timely release from custody for inmates after the reason for their custody has ended.

54. Defendants maintain a policy, practice, and custom of understaffing Wayne County's jail facilities, including the "old" Wayne County jail and the new CJC, with knowledge that this understaffing will cause inmates who should be released from custody to be over-detained for several days, and for as many as two weeks after the reason for their detention has ended.

55. These policies, practices, and customs are the cause in fact of and moving force behind the failure to release Plaintiff and similarly situated persons from custody within a reasonable time after the reason for their detention has ended.

56. Defendants acted with deliberate indifference in detaining Plaintiff and all similarly situated persons for six days of more after the Court ordered them released from custody, and in maintaining the official decisions, policies, customs, and practices which caused and were the moving force behind the detention of Plaintiff for unreasonable periods after the reasons for their detention had ended.

57. As a direct and proximate result of this constitutional violation, Plaintiff and all similarly situated persons have suffered and will continue to suffer the damages alleged in this complaint.

**RELIEF REQUESTED**

To redress the constitutional violations alleged in this Complaint, Plaintiff, individually and on behalf of the Class, requests the following relief:

(1) An order certifying the proposed class.

(2) An order declaring that the actions, policies, customs, and practices described in this Complaint are unconstitutional because they violate the due process clause of the Fourteenth Amendment.

(3) An order awarding Plaintiff and the Class economic and non-economic damages.

(4) An order awarding punitive damages.

(5) An order awarding attorney fees and costs pursuant to 42 U.S.C. § 1988.

(6) All other relief that is just, equitable, and appropriate.

Respectfully submitted,

PITT, MCGEHEE, PALMER, BONANNI & RIVERS, P.C.

/s/ Megan A. Bonanni
Megan A. Bonanni (P52709)
Kevin M. Carlson (P67704)
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800

DEAN ELLIOTT, PLC

/s/ Dean Elliott
Dean Elliott (P60608)
Dean Elliott, PLC
201 E. 4th Street
Royal Oak, MI 48067
(248) 251-0001

| | |
|---|---|
| mbonanni@pittlawpc.com <br> kcarlson@pittlawpc.com <br> Counsel for Plaintiffs | dean@deanelliottplc.com <br> Counsel for Plaintiffs |

Date: October 17, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIAM WEST-CAMPEAU, suing individually and on behalf of a class of similarly-situated persons, | Case No. |
| Plaintiff, | Hon. United Stated District Judge |
| v. | |
| ROBERT DUNLAP, sued in his individual capacity based on actions taken under color of law, and JOHN AND JANE DOES 1-5, sued in their individual capacity based on actions taken under color of law, RAPHAEL WASHINGTON, in his official capacity as Wayne County Sheriff, and WAYNE COUNTY, MICHIGAN, | Hon. United States Magistrate Judge |
| Defendants. | |

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all claims, defenses, and issues raised in this action.

PITT, MCGEHEE, PALMER, BONANNI & RIVERS, P.C.

/s/ Megan A. Bonanni
Megan A. Bonanni (P52709)
Kevin M. Carlson (P67704)
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com
kcarlson@pittlawpc.com
Counsel for Plaintiffs

DEAN ELLIOTT, PLC

/s/ Dean Elliott
Dean Elliott (P60608)
Dean Elliott, PLC
201 E. 4th Street
Royal Oak, MI 48067
(248) 251-0001
dean@deanelliottplc.com
Counsel for Plaintiffs

Date: October 17, 2024