UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIAM WEST-CAMPEAU, suing
individually and on behalf of a class
of similarly-situated persons,

        Plaintiff,

v.

ROBERT DUNLAP, sued in his
individual capacity, and JOHN
DOES 1-5, sued in their individual
capacities, RAPHAEL
WASHINGTON, in his official
capacity, and WAYNE COUNTY
MICHIGAN,

        Defendants.

Case No. 2:24-cv-12751

Hon. Mark A. Goldsmith

Mag. Judge David R. Grand

---

## CORRECTED MOTION TO FILE UNDER SEAL EXHIBIT 7 TO DEFENDANTS' DISPOSITIVE MOTION

Pursuant to E.D. Mich. L.R. 7.1(a), the undersigned counsel certifies that on December 13, 2024, he communicated in writing with Plaintiff Liam West-Campeau's ("Plaintiff") counsel, explained the nature of the relief sought by way of this motion, and sought concurrence in the relief.  The same day, Plaintiff's counsel denied concurrence.

Pursuant to E.D. Mich. L.R. 5.3, and on the grounds set forth below, Defendants Chief Robert Dunlap, the Wayne County Sheriff, and Wayne County

1

(collectively "Defendants") move the Court to permit the filing under seal of Exhibit 7 to their dispositive motion.

1.      Pursuant to E.D. Mich. L.R. 5.3(b)(3)(A)(i) and (ii), Exhibit 7 is a sworn Declaration by Sergeant Britton Foreman of the Wayne County Sheriff's Office the ("WCSO").

2.      Pursuant to E.D. Mich. L.R. 5.3(B)(3)(A)(iii), this document was not previously designated "confidential" pursuant a prior protective order.

3.      Pursuant to E.D. Mich. L.R. 5.3(B)(3)(A)(iv), the Declaration of Sergeant Foreman contains non-public information about a cyberattack that affected Wayne County and specifically the WCSO during October 2024.

4.      In considering whether a document can be sealed, courts look to: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016).  In determining the appropriateness of a sealing request, "a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016).

5.      Defendants submit that under the prevailing legal standards, there are compelling reasons to permit the filing of Exhibit 7 under seal.  First, the federal

and state investigations into the cyberattack remain ongoing.  Second, the steps taken by Wayne County and other law enforcement agencies in the aftermath of the cyberattack to combat and/or mitigate the effects of the attack are not public, and public disclosure of these measures may provide potential future attackers with insight into how these attacks are responded to as well as learn how effective or ineffective their attacks actually were. Third, if the specific steps taken by the WCSO to manage the Jail population during the cyberattack are publicly disclosed that may result in future safety and security concerns at the Wayne County Jail. Finally, while there is an arguable public interest in knowing that a large governmental organization was subject to a significant cyberattack, the law enforcement interests in nondisclosure of details regarding the severity of the attack, the technical steps taken to respond, and the efforts of the WCSO to manage the Jail population during this time outweigh the public's interest in knowing these specific details at this time.

6.     The sealing of the Declaration is no broader than necessary to accomplish its purpose as all statements therein either relate to the timeline of events, the effects of the cyberattack on WCSO systems, and the WCSO's efforts to manage the Jail population.

7.     Courts have found that the public revelation of sensitive information and law enforcement techniques can be a legally sufficient reason to seal

3

information.  *See, e.g., Ansari v. Winn*, No. 16-13179, 2023 U.S. Dist. LEXIS 97327, *12 (E.D. Mich. June 5, 2023) (unpublished) ("[T]he information set forth in the sealed documents reveal sensitive information and investigative techniques that, if made public, could potentially jeopardize the ongoing investigation into the underlying murder"); *Hunter v. Holmes*, No. 20-10534, 2023 U.S. Dist. LEXIS 133156, *7 (E.D. Mich. Aug. 1, 2023) (unpublished) ("The documents are not accessible to the public and relate to law enforcement practices and procedures, contain personnel records, as well as medical information of other prisoners and risk assessment notes. Disclosing these documents publicly would likely thwart governmental ability to smoothly and safely administer prisons, which weights in favor the law enforcement privilege applying to the documents sought").

8.      Pursuant to E.D. Mich. L.R. 5.3(B)(3)(A)(v), a redacted version of the Declaration to be sealed is attached as Exhibit A.

9.      Pursuant to E.D. Mich. L.R. 5.3(B)(3)(A)(vi), an unredacted version of the Declaration is filed under seal as Exhibit B.

For the foregoing reasons, Defendants respectfully request that the Court grant them permission to file Exhibit 7 to their dispositive motion under seal.

Dated: December 18, 2024                          Respectfully submitted,

                                                                    By: /s/ *Davidde A. Stella*
                                                                    Davidde A. Stella (P69948)
                                                                    Anthony P. Monticciolo (P76013)

4

Assistant Corporation Counsel
Wayne County Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
dstella@waynecountymi.gov

*Attorneys for Defendants Chief*
*Robert Dunlap, the Wayne County*
*Sheriff, and Wayne County*

## LOCAL RULE CERTIFICATION:

I, Davidde. A. Stella, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I certify that on December 18, 2024, I served, via e-filing, a copy of the foregoing upon all counsel of record at their respective addresses in the caption of these papers. I further certify that I have mailed the foregoing document to the following: None.

Dated: December 18, 2024                    */s/ Rachelle LaCroix*
                                            Rachelle LaCroix, Paralegal

5